# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ERIC FLORES, | |
| Plaintiff, | 3:15-cv-00217-RCJ-VPC |
| vs. | **ORDER** |
| UNITED STATES ATTORNEY GENERAL, | |
| Defendant. | |

Pending before the Court is a Motion by *pro se* Plaintiff Eric Flores, a resident of Austin Texas, to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  That Motion is granted based on the information Flores has provided. (*See* ECF No. 1).  However, after a thorough review of the pleading, the Court is compelled to dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B).

In reviewing an application to proceed *in forma pauperis*, the court must dismiss a case if the court determines that the action "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

A failure to state a claim on which relief may be granted holds the same meaning under § 1915(e) as it does under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152

1

F.3d 1193, 1194 (9th Cir. 1998).  Accordingly, to avoid dismissal on this ground, a complaint accompanying an application to proceed without paying the filing fee must plead facts that demonstrate the plausibility of the claims alleged. *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

When reviewing a *pro se* complaint under § 1915(e), the court must give the complaint a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Indeed, allegations of a *pro se* complainant are held to a less stringent standard than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  The court also weighs all factual allegations that are not clearly baseless in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Flores has filed a sixty-four page document titled "Petition to Challenge the Constitutionality of the First Amendment." (ECF No. 1-2).  He names the United States Attorney General as well as the Federal Bureau of Investigation as defendants.  The Petition seeks to establish a class of Mexican-American citizens who seek relief from imminent danger "such as death." (*Id.* at 2).  It alleges that an "organized group of executive employees of the federal government" set up "their own courts of common law with the specific intent of simulating the legal process to deprive [Flores] of equal protection of law." (*Id.* at 9).  Flores states that this same group "then used advanced technology with a direct signal to the satellite in outerspace that has the capability of calculating genetic code to cause [Flores] severe mental pain for long durations . . . ." (*Id.* at 10, 14).  The Petition contains additional allegations of this nature. (*See, e.g.*, *id.* at 19, 24, 36, 43, 56).

As an initial matter, the Court cannot certify the requested class because a *pro se* litigant may not represent the interests of others. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (stating that the statutory privilege to represent oneself *pro se* "does not extend to other parties or entities").

As to the merits, the Court concludes that Flores's factual allegations raised in his Petition are frivolous, delusional, and fail to state a claim for which relief can be granted. The Court finds it implausible that a group of unnamed federal employees are targeting Flores using advanced nuclear technology to identify his genetic code via a satellite. (Petition 14). It is also implausible that these unnamed federal employees are using "a direct signal to the satellite" to "profoundly disrupt the personality and senses" of Flores and his family. (*Id.* at 24).

The Court notes that Flores has made identical or similar filings in at least twenty-five other district courts across the country. (*See* Judicial Notice of Adjudicative Facts 32–34, ECF No. 1-1). Moreover, this is not the first round of such filings by Flores. A simple search on Westlaw reveals that Flores filed lawsuits against the Attorney General as early as 2012. *See, e.g.*, *Flores v. U.S. Att'y Gen.*, 2013 WL 1786392 (D.S.C. Mar. 25, 2013); *Flores v. U.S. Att'y Gen.*, 2013 WL 969057 (D. Vt. Mar. 12, 2013); *Flores v. U.S. Att'y Gen.*, 2013 WL 1122719 (D. Me. Feb. 26, 2013). In each case, the district court dismissed Flores's allegations as frivolous or for failure to state a claim under § 1915(e). The Court agrees with one assessment that the complaints filed by Flores are "the hallucinations of a troubled man." *See Flores v. U.S. Att'y Gen.*, 2015 WL 1757523, at *2 (E.D. Mo. Apr. 17, 2015) (quotation marks and citation omitted).

A number of courts have also warned Flores that if he makes any further frivolous filings he will be classified as a vexatious litigant. *See Flores*, 2013 WL 1786392, at *2; *Flores*, 2015 WL 1757523, at *3. The Court finds it appropriate to join in this warning. Flores is hereby

warned that any further frivolous filings may result in filing restrictions being placed upon him in the District of Nevada.

## CONCLUSION

IT IS HEREBY ORDERED that Flores's Motion to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that this case is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

Dated: June 29, 2015

_____
ROBERT C. JONES
United States District Judge